[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of a fall by Amy Kundert on April 27, 1995, when she was fifteen years old in the front yard of 180 Jockey Hollow Road in Monroe, Connecticut, a property her father rented from the defendant John Wellner. The Kunderts moved into the single family ranch house in 1992 on a month-to-month basis at $850 per month. The front yard of the premises was described as hilly, rocky, and sandy without any topsoil or grass with the exception of a small strip near the front door where Mrs. Kundert parked her car.
Several photographs of the property were offered showing large rocks or rock outcroppings in the front yard. That condition existed from 1992 to the date of the fall and there is no evidence that it ever changed. The CT Page 8203-ak rocks were open, visible and obvious. All the parties agreed it would take large construction equipment to remove them. The defendant did not specifically warn anyone of their existence, did not paint them or by fencing attempt to keep anyone off them. No signs existed on the property warning of their dangerousness.
From the testimony of Mr. Kundert and Mr. Wellner, there is no way for the court to conclude that there were any other agreed terms of the oral lease other than the rent. Mr. Wellner did admit he was responsible for exterior repairs to the house, the well and the heating system and he had in fact made such repairs. He denied he did any snow plowing or landscaping to the property. Mr. Kundert similarly denied doing any landscaping and in fact he testified that he did no snow plowing, lawn mowing or leaf raking on the property at any time. Any leaves that fell remained on the property. He further testified that his children played in the front yard because the back yard was wet due to a septic problem. He also admitted the defendant only came to the property about once a year.
On the day of the accident, the plaintiff, Amy Kundert, now 22 years of age, was playing tag with her brother in the front yard between 5:30 and 6:30 p.m. She marked one of the photographs where she fell and was injured. Her best recollection is that she began to fall in an area of sand and fallen leaves, then tripped over a small rock, fell, and landed on the inside of her right ankle on one of the large rock outcroppings. There is no claim that she was not fully aware of the nature and terrain of the front yard.
Amy testified she was in immediate pain, called her mother, an ambulance was called, she was taken to the hospital and subsequently had two surgical procedures performed on her right ankle which had been severely fractured. Her medical bills for services rendered totaled $12,467.84.
Plaintiff's counsel seems to claim that the responsibility for leaf removal and general yard work was on the defendant. No evidence, agreement or legal precedent has been offered to support that claim.
In paragraph 5 of the Complaint, the plaintiff claims that the defendant was negligent in that he failed to maintain the front yard in a reasonably safe condition; he failed to inspect the front yard, which would have revealed the dangerous condition; he failed to warn the plaintiff of the unsafe condition of the front yard; he failed to remove the rocks; he failed to maintain the front yard in a level condition; and he failed to cordon off the portion of the front yard that was unsafe. The defendant denies all these allegations and has not filed any special CT Page 8203-al defenses.
Negligence is a question of fact to be determined from all the circumstances. This was unquestionably a difficult piece of property with the house basically sitting on rock. That condition was obvious and could have been observed by anyone. The condition of the property never changed from the time the Kunderts occupied the property until they left it in late 1995.
The court disagrees with virtually all of the factual claims contained in the plaintiff's brief. There is no evidence that the defendant maintained control of the yard on the premises. To claim in the absence of an agreed term of a lease that a landlord of residential property has an obligation to rake leaves on the property is ludicrous.
The fall itself began when the plaintiff began to fall on sand and fallen leaves, which condition was not of the defendant's making. The plaintiff then tripped on a small rock from which fall the court can find no actionable negligence by the defendant. Unfortunately, her right ankle came to rest violently on one of the large rock outcroppings. That fact alone does not support a claim of negligence. The court finds that the plaintiff has not sustained her burden of proof and judgment may enter for the defendant.
 ___________________ GORMLEY, J.